UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROLAND SALINAS, Individually and for Others Similarly Situated,<br><br>v.<br><br>WOOD GROUP PSN COMMISSIONING SERVICES, INC. | CASE NO. 2:17-cv-177<br><br>FLSA COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Wood Group PSN Commissioning Services, Inc. does not pay overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Wood Group PSN paid Roland Salinas, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Salinas brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction. *See* 28 U.S.C. § 1331.

5. Venue is proper because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

6. Wood Group PSN, while headquartered in this District, hired Salinas, a resident of Kingsville, Texas, to perform work in and around Corpus Christi, Texas.

7. Both Kleberg and Nueces County are in this District and Division.

8. Wood Group PSN paid Salinas in this District and Division.

1

## THE PARTIES

9. Salinas was an hourly employee of Wood Group PSN.

10. His written consent is attached.

11. Salinas brings this collective action on behalf of all hourly employees of Wood Group PSN who were paid "straight time for overtime" during the past 3 years.

12. Wood Group PSN is a for-profit company.

13. Wood Group PSN may be served with process by serving its registered agent.

## THE FACTS

14. Wood Group PSN is (or was) a subdivision of John Wood Group PLC, an international organization that operates around the world and in states across the country.



15. Wood Group PSN is part of an FLSA "enterprise" with an annual gross volume of sales in excess of $50 million in each of the past 3 years.

16. Wood Group PSN is part of enterprise that is engaged in commerce and/or in the production of goods for commerce because it "designs, modifies, constructs and operates industrial facilities mainly for the oil & gas sector, right across the asset lifecycle."

17. Wood Group PSN is part of enterprise with dozens of workers who handle, sell, or otherwise work on goods or materials, such as phones, hand tools, automobiles, and computers, that have been moved in or produced for commerce.

18. Wood Group PSN is subject to the requirements of the FLSA.

19. Wood Group PSN performs substantial work in the Southern District of Texas.

20. Wood Group PSN regularly transacts business in the Corpus Christi Division of the Southern District of Texas.

21. This business includes hiring and paying Salinas for the work he performed in the Corpus Christi Division of the Southern District of Texas.

22. Salinas started working for Wood Group PSN in January of 2008.

23. Salinas stopped working for Wood Group PSN in early 2016.

24. Wood Group PSN employed Salinas as an Instrument Commissioning Coordinator.

25. Wood Group PSN paid Salinas by the hour.

26. Salinas reported the hours he worked to Wood Group PSN on a regular basis.

27. If Salinas worked fewer than 40 hours in a week, Wood Group PSN only paid him for the hours he worked (plus any paid time off used).

28. But Salinas normally worked more than 40 hours in a week.

29. Salinas usually worked 12+ hours a day.

30. When he worked in the yard, Salinas usually worked a 14-days on, 7-days off schedule.

31. While offshore, Salinas usually worked a 2-weeks on, 2-weeks off schedule.

32. As a result, Salinas often worked more than 80 in a week.

33. Because he was paid by the hour, Salinas reported his work hours to Wood Group PSN.

34. Wood Group PSN has accurate records of the hours Salinas worked.

35. Wood Group PSN paid Salinas at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

36. Thus, rather than receiving time and half as required by the FLSA, Salinas only received "straight time" pay for overtime hours worked.

37. This "straight time for overtime" payment scheme violates the FLSA.

38. Wood Group PSN has been well aware of the overtime requirements of the FLSA since at least 2012.

39. Back in 2012, the Department of Labor investigated the Wood Group PSN and found it was violating the FLSA.

40. In addition, on information and belief, Wood Group PSN pays overtime to certain "in-house" hourly staff (such as secretaries and receptionists).

41. Wood Group PSN nonetheless failed to pay certain hourly employees, such as Salinas, overtime.

42. Wood Group PSN's failure to pay overtime to Salinas, and the other workers like him, was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

43. Wood Group PSN's illegal "straight time for overtime" policy extends well beyond Salinas.

44. Wood Group PSN's "straight time for overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

45. Wood Group PSN's has paid dozens, if not hundreds, of workers according to the same unlawful scheme.

46. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

47. The workers impacted by Wood Group PSN's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

48. Therefore, the class is properly defined as:

**All employees paid according to Wood Group PSN's "straight time for overtime" scheme in the past 3 years.**

## CAUSE OF ACTION

49. By failing to pay Salinas and those similarly situated to him overtime at one-and-one-half times their regular rates, Wood Group PSN violated the FLSA's overtime provisions.

50. Wood Group PSN owes Salinas and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

51. Because Wood Group PSN knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Wood Group PSN owes these wages for at least the past three years.

52. Wood Group PSN is liable to Salinas and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

53. Salinas and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Salinas prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2. Judgment awarding Salinas and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Salinas and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
James A. Jones
Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

DocuSign Envelope ID: 3A8E9C3D-464A-481C-9B0D-A29AE979F198

## CONSENT TO JOIN WAGE CLAIM

Print Name: Roland Salinas

1. I hereby consent to participate in a collective action lawsuit against **Wood Group DSI and Wood Group PSN Commissioning Services, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Roland Salinas* (DocuSigned)