United States District Court
Southern District of Texas
**ENTERED**
December 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLAND SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-177 |
| | § | |
| WOOD GROUP PSN COMMISSIONING | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING CONDITIONAL
## CERTIFICATION OF COLLECTIVE ACTION

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Pending is Plaintiff's Opposed Motion For Certification of Collective Action and Court-Authorized Notice. (D.E. 19). Having considered the parties' briefing, arguments, the applicable legal authorities, and all matters of record, Plaintiffs' Opposed Motion for Certification is **GRANTED as modified** with a more narrowly tailored putative class as set forth below. The notice procedures are set forth at the end of this order pursuant to the parties agreed submissions.

**I.     JURISDICTION**

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 21). The undersigned has authority to rule on this matter as it is non-dispositive. *See Patton v. Thompson Corp.*,

364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 156 (N.D.N.Y. 2008); *Headrick v. Tucker Energy Serv., Inc.*, No. SA-16-CA-749-OLG, 2017 WL 2999976, at *1-4 (W.D. Tex. Mar. 20, 2017).

## II. BACKGROUND

Plaintiff Roland Salinas, a resident of Kingsville, Texas, was an employee of Defendant Wood Group PSN Commissioning Services, Inc. ("Wood Group")[1] for various periods between 2008 and 2016. (D.E. 19-1 & 20-3). Plaintiff alleges he and potential class members were paid "at the same hourly rate for all hours worked, including those in excess of 40 in a workweek." (D.E. 1, p. 1). He seeks to bring a collective action on behalf of all hourly employees of Wood Group who were paid "straight time for overtime" during the past three years. (D.E. 1, p. 2). Plaintiff alleges Wood Group did not pay overtime as required by the FLSA. (D.E. 1, p. 1). Wood Group employs around 55,000 people in over 60 countries around the world and is in the business of designing, modifying, constructing and operating industrial facilities. *See* www.woodgroup.com. Wood Group maintains its method of compensating Mr. Salinas and others in the proposed class was lawful.

On May 29, 2017, Plaintiff filed this lawsuit alleging that Wood Group as his employer violated sections of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (D.E. 1). Plaintiff alleges he worked as an Instrument Commissioning Coordinator and he was paid by the hour normally working more than 40 hours a week.

---

[1] Wood Group PSN Commissioning Services, Inc. merged with Wood Group PSN, Inc. with Wood Group PSN, Inc. as the surviving entity. (D.E. 20-2).

However, Plaintiff alleges he was not paid time and a half for overtime as required by the FLSA. (D.E. 1, p. 3). Plaintiff alleges Wood Group employs other similarly situated employees who are also paid in a similar manner in violation of the FLSA.

On July 17, 2017 Wood Group filed an Answer and Affirmative Defenses. (D.E. 6). On September 25, 2017, Plaintiffs filed their Opposed Motion for Conditional Certification Court-Authorized Notice. (D.E 19). Plaintiff seeks conditional certification of a collective action consisting of the following putative class:

> **All personnel employed by Wood Group during the past three (3) years who were paid the same hourly rate for all hours worked (including hours in excess of 40 hours in a single workweek) and no overtime compensation.** (D.E. 19, p. 4).

Plaintiff maintains conditional certification is appropriate because additional individuals who were employed by Wood Group suffered injury as a result of Wood Group's violations of the FLSA. These Potential Class Members are "similarly situated" to Plaintiffs because they (1) worked as hourly employees for Wood Group during the operative time period; (2) received straight time for overtime; and (3) were all required or permitted to work overtime without receiving compensation at the legal rate of pay. (D.E. 7, p. 7). Plaintiff seeks to proceed in this FLSA action collectively with other similarly situated former employees of Wood Group.

Therefore, Plaintiff moves the Court to: (1) conditionally certify this action for purposes of notice and discovery; (2) order that a judicially approved notice be sent to all Putative Class Members by mail and email; (3) approve the form and content of Plaintiff's proposed judicial notice and reminder notice; (4) order Wood Group to

produce to Plaintiff's Counsel the last known name, address, phone number, email address and dates of employment for each of the Putative Class Members in a usable electronic format; (5) authorize a sixty (60) day notice period for the Putative Class Members to join this case; (6) authorize Plaintiff's counsel to send by mail and email a second copy of the Notice/Consent to Putative Class Members; and (7) authorize Plaintiff's counsel to follow up with the Putative Class Members whose Notice Packet was returned as undeliverable with a call to ensure receipt of the Notice.  (D.E. 19, p. 23).

Wood Group opposes conditional certification and filed its brief in opposition to Plaintiff's motion (D.E. 20) on October 25, 2017.  Wood Group maintains conditional certification should be denied because (1) the scope of the proposed class is overly broad; (2) Plaintiff is not a proper class representative because he is not similarly situated to potential class members with respect to job duties; (3) Plaintiff is not a proper class representative because he has not provided any evidence to support that a nationwide policy exists with respect to paying exempt employees "straight time" overtime; (4) Plaintiff is not similarly situated with other potential class members because individualized issues predominate and (5) Plaintiff has not shown there are other eligible members of the proposed class who are interested in joining this action. (D.E. 20, p. 12-25).  Wood Group further maintains that if conditional certification is granted, the scope of the class should be narrowed.  (D.E. 20, p. 27).  Additionally, Wood Group objects to certain aspects of Plaintiff's proposed notice forms and procedure.  (D.E. 20, p. 24).

## III.     ANALYSIS.

### A.     Legal Standard for Conditional Certification.

The FLSA allows collective actions to be brought on behalf of "similarly situated" workers. Under the FLSA, an employee may file a lawsuit for unpaid overtime wages on behalf of himself as well as other "similarly situated employees" who "opt-in" to the suit. 29 U.S.C. § 216(b); *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 464 n. 2 (S.D. Tex. 2012). The term "similarly situated" is not defined in the FLSA. *See, e.g.*, 29 U.S.C. §§ 203, 216. Courts in this District interpret "similarly situated" to mean an employee who is "affected by a common policy, plan, pattern, or practice" as the one at issue in the plaintiff's lawsuit. *McKnight v. D. Hous., Inc.,* 756 F. Supp. 2d 794, 803 (S.D. Tex. 2010).

Where a plaintiff seeks to bring a collective action on behalf of others, the plaintiff must seek certification and request notice be approved by the district court, and the putative class members must consent in writing to become a party to the action. 29 U.S.C. § 216(b). The district court then has the discretion whether to approve the collective action and facilitate notice to potential plaintiffs. *Simmons v. T-Mobile USA, Inc.*, Civ. A. No. 4:06-cv-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

When considering motions for conditional certification under the FLSA, district courts in the Fifth Circuit usually proceed under the *Lusardi* approach— i.e., it is undertaken early in the case and a plaintiff's allegations that "similarly situated" workers exist and wish to opt-in to the suit are reviewed "leniently." *Lusardi v. Xerox, Corp.,* 118 F.R.D. 351 (D.N.J. 1987). Whether to certify a suit as a collective action under the FLSA is a decision committed to the discretion of the court. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 90–91 (2003)). Courts in the Southern District of Texas generally use the *Lusardi* approach to determine whether a collective action is warranted. *See, e.g., Walker v. Honghua Am., LLC,* 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

The *Lusardi* analysis proceeds in two stages: (1) a "notice stage" followed by (2) a decertification stage. *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n. 2 (5th Cir. 2008) (citations omitted). The notice stage takes place early in the case, before the parties have a chance to conduct substantive discovery. *Blake v. Hewlett–Packard Co.,* No. 4:11–CV–592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013). In contrast, the decertification process occurs after the parties have had ample opportunity for discovery. *Id.* At the first stage, the court makes a preliminary determination whether there are any potential plaintiffs who may be similarly situated to the plaintiff in the pending lawsuit. *Mooney,* 54 F.3d at 1213–14.

The plaintiff seeking conditional certification must present at least a "minimal showing" that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in

6 / 12

relevant respects given the claims and defenses asserted, and (3) those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465–66 (citations omitted). Because this analysis occurs before the discovery process, the burden on the lead plaintiff is "lenient and typically results in conditional certification." *Id.* Courts often make the determination based on the pleadings and any available affidavits. *Id.*

The second stage of *Lusardi* occurs after discovery has taken place. Upon a defendant's motion to decertify, the trial court reviews the available evidence collected in discovery. *Id.* If the court finds that the evidence shows the plaintiffs are not in fact "similarly situated" to the original lead plaintiff, then the class is decertified, the opt-in plaintiffs are dismissed, and the original plaintiff proceeds individually. *Id.*

The present case is at the "notice stage" of the *Lusardi* analysis. At this stage, the Court's decision is made using a fairly lenient standard, the plaintiff needs only to make a minimum showing to guide the Court's determination whether to issue notice to potential class members. *Mooney,* 54 F.3d at 1214.

**B.	Application of the Law to the Present Case.**

   **1.	Whether reasonable basis for crediting the assertions that aggrieved individuals exist.**

Plaintiff was employed by Wood Group for various periods between 2008 and 2016. During this time Plaintiff worked as an Instrument Technician, a Senior Instrument Technician and as an Instrument Commissioning Coordinator. (D.E. 20-1). Plaintiff was paid on an hourly basis. Plaintiff alleges he was never paid time and a half for overtime hours. (D.E. 19-1). (D.E. 1, pp. 6-7). The FLSA requires that non-exempt

employees who work more than forty hours in a workweek be paid at one-and-one-half times the "regular rate" of pay. 29 U.S.C. § 207(a)(1). Wood Group does not contend in its Answer (D.E. 6) or in its response in opposition to Plaintiff's motion (D.E. 20) that it paid overtime wages to Plaintiff. Rather, Wood Group maintains that payment of overtime to Plaintiff was not required when Plaintiff was employed as an Instrument Commissioning Coordinator because he was classified as exempt. However, the merits of the case need not be decided now. *See McKnight* 756 F.Supp.2d at 802 (Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations.). Plaintiff has set forth a reasonable basis for crediting the assertions that aggrieved individuals exist.

> **2. Whether aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.**

Limiting the scope of this collective action to persons classified by Wood Group as exempt would ensure that the aggrieved individuals are similarly situated to Plaintiff in relevant respects. Many of Wood Group's objections to conditional certification can be resolved with a more narrowly tailored class. The original notice form and class description submitted by Plaintiff would include all personnel employed by Wood Group in the past three years who were paid the same hourly rate for all hours worked (including hours in excess of 40 hours in a single workweek) and no overtime compensation. The proposed class is too broad and would include persons who are not similarly situated. Wood Group employs over 50,000 people around the world. The proposed class would potentially include everyone who receives an hourly wage who is not paid overtime.

Narrowing the class to include persons classified as exempt would establish a class of persons with a common method of compensation and a similar issue of whether these positions were appropriately classified as exempt.

Defendant submitted a list of job descriptions of persons classified as exempt during the relevant time period. (D.E. 32). The positions submitted were as follows: Certification Lead, Commissioning Manager, Electrical Commissioning Coordinator, Electrical Commissioning Lead, Instrumentation Commissioning Coordinator, Commissioning Superintendent, Materials Manager, Mechanical Commissioning Coordinator, Mechanical Commissioning Lead/Coordinator, Permit to Work Coordinators, Site Safety Lead, Technical Writer, and Turnover Coordinator. Plaintiff agrees persons working as Commissioning Manager and Commissioning Superintendent may present certain case management difficulties and does not object to the exclusion of these positions.

While not waiving its objection to conditional certification, Defendant submitted the positions of Electrical Commissioning Coordinator, Electrical Commissioning Lead, Instrumentation Commissioning Coordinator, Mechanical Commissioning Coordinator, and Mechanical Commissioning Lead/Coordinator would be more appropriate for conditional certification because these positions are more similar to that of Plaintiff's position. The disputed positions are Certification Lead, Materials Manager, Permit to Work Coordinators, Site Safety Lead, Technical Writer, and Turnover Coordinator. Defendant argues the job descriptions of the disputed positions are sufficiently different to demonstrate they are not similarly situated.

The undersigned finds Plaintiff's Notice of Supplemental Authority persuasive. (D.E. 31); *See Kilmon v. Saulsbury Indus., Inc.*, No. 7:17-cv-99 (W.D. Tex. Dec. 13, 2017)(order granting Plaintiff's motion for conditional certification). *Kilmon* is similar to the instant case because it involved a widespread straight time for overtime pay policy that the plaintiff alleged violated the FLSA. The district court found conditional certification appropriate because dissimilarities in employees were not material to the allegations of the case. The Court in *Kilmon* found the alleged FLSA violations did not turn on the nature of the work performed, but rather on the lawfulness of the common scheme or policy. Additionally, the proposed class in the instant case is not large. During the hearing on conditional certification, the parties estimated, roughly, that there are approximately 100-200 persons who may be eligible to opt-in to this collective action if the Court were to limit class to the persons classified as exempt and described in Defendant's job description advisory. (D.E. 32). Positions which are determined to be materially dissimilar can be dealt with during the decertification stage or with dispositive motions. Therefore, the undersigned finds, for purposes of conditional certification, the job positions listed in Defendant's advisory (D.E. 32), not including Commissioning Manager or Commissioning Superintendent, are appropriate for conditional certification.

### 3. Whether those individuals want to opt-in to the lawsuit.

Plaintiff's affidavit indicates he knows other Wood Group employees who received a similar method of compensation would be interested in joining this lawsuit. This is certainly not the most compelling evidence. However, as set forth above, there

are approximately 100-200 potential opt-in plaintiffs to this action, and it is likely others who receive notice will elect to opt-in.

## IV.   CONCLUSION

Having considered the briefing, exhibits and applicable law, the undersigned is satisfied, the Court should conditionally certify this collective action and notice should be issued.  Plaintiff has established that other individuals desire to opt-in and are "similarly situated" with respect to job requirements and their claims regarding overtime compensation.

Therefore, the undersigned **GRANTS as modified** the Plaintiffs' Opposed Motion for Certification (D.E. 19).  The putative class shall be set forth in the notice to potential plaintiffs worded as follows:

> **All current and former employees of Wood Group PSN Commissioning Services, Inc. and Wood Group PSN, Inc. in the past three years who were classified as exempt and were paid straight time for overtime.**
>
> **The positions of Commissioning Manager and Commissioning Superintendent are not included in this putative class.  The following positions are included: Certification Lead, Electrical Commissioning Coordinator, Electrical Commissioning Lead, Instrumentation Commissioning Coordinator, Materials Manager, Mechanical Commissioning Coordinator, Mechanical Commissioning Lead/Coordinator, Permit to Work Coordinators, Site Safety Lead, Technical Writer, and Turnover Coordinator.**

It is further ORDERED that the Parties shall comply with the following deadlines and directives:

1) **Within Fourteen (14) days** from this Order, Defendant is to disclose to Plaintiff's counsel the names, last known addresses, e-mail addresses, phone

numbers and dates of employment of the Putative Class Members in a usable electronic format.

2) **Within Fourteen (14) days** from this Order, Plaintiff shall file with the Court the final version of the notice and consent forms.

3) **Within thirty (30) days** from this Order, Plaintiff's Counsel shall send by mail and e-mail a copy of the Court approved Notice and Consent Form[2] to the Putative Class Members.

4) **Thirty (30) days** from the date Notice is mailed to Putative Class Members, Plaintiff's Counsel is authorized to send by mail and e-mail a Reminder Postcard to the Putative Class Members reminding them of the deadline for the submission of the Consent forms. Plaintiff's Counsel shall follow up with all those Putative Class Members who have not returned their Consent forms with a phone call to ensure receipt of the Notice packet.

5) The Putative Class Members shall have **sixty (60) days** to return their signed consent forms for filing with the Court. At that time, Defendant may take down the posted Notice and Consent forms.

ORDERED this 26th day of December, 2017.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

---

[2] The parties submitted an agreed proposed notice form. The notice form is approved by the Court provided the description of the putative class is that set forth above in this order.